## HARRIS WILSON vs. HORATIO G. ONDERDONK and others.

An appeal cannot be converted into a notice of rehearing on a motion to amend; they are different proceedings. One cannot be allowed to be substituted for the other.

*It seems*, that a justice holding a special term in a district where the general terms have decided and given an opinion upon a matter of practice, in which such justice does not concur, and who has given a contrary opinion at a general term in another district, is nevertheless bound to submit to the opinion delivered at the general term in the district where he is presiding.

*New York Special Term*, *October*, 1848.—Before Justice BARCULO.—
BARCULO, Justice.—The Defendant Onderdonk, who served a notice of appeal from the decision of Justice Edwards within ten days, now applies for leave to amend that notice, by converting it into a notice of an application *for a rehearing*, upon the ground that his counsel was mistaken in supposing that the new Code of Procedure applied to pending suits, and abolished rehearings.

If the decision made at the general term in New York, in the case of *Schermerhorn* v. *The Mayor, &c.*, 3 Howard's Pr. Rep., 254, contains a correct exposition of the statute regulating rehearing, then this application cannot be granted. For, according to the opinion of the court in that case, notice of rehearing must be given within *ten* days after notice of the original decree; and this is a *statutory* limitation the court cannot extend the time.

I have not, however, concurred in that view of the statute, as will be seen by reference to a contrary decision, made in June last, at the Dutchess

general term, and the opinion then delivered. I suppose that the seventh section of the supplement to the code was designed to interfere with the existing practice on the subject of rehearings only so far as related,

1st. To restricting the right to be reheard at a general term, to cases involving the merits.

2d. To requiring security in all such cases.

I consider the latter clause of that section as referring to the rehearing of the cause itself, and not to the *application for a rehearing*: and that the security spoken of is to be given within ten days after the *order granting a rehearing*, in substantial conformity to the 80th rule which required a deposit within ten days thereafter by the party obtaining a rehearing: the difference being that the statute has substituted *security* instead of a *deposit*.

With this view of the law, the Defendant could be permitted to apply for a rehearing within thirty days after service of the decree; and might therefore perhaps be permitted to serve notice of an application for a rehearing, as of the day when notice of this application was served—which was within the thirty days.

But, sitting here, I must bow to the decision of the general term in this district. Nor can the Defendant be relieved under the pretence of amending. The appeal, and a notice of rehearing, are different proceedings. To allow one to be substituted for the other would be an evasion of the statute.

The motion must be denied.